UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 15-40021-TSH |
| ) | |
| PATRICIA KWAITKOWSKI, ) | |
| Defendant. ) | |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**HILLMAN, D.J.**

WHEREAS, on May 14, 2015, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant Patricia Kwaitkowski (the "Defendant"), with Theft of Public Money, in violation of 18 U.S.C § 641 (Count One); and False Statements, in violation of 18 U.S.C. § 1001 (Counts Two and Three);

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense in violation of 18 U.S.C. § 641 charged in Count One of the Information, of any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offense, including, but not limited to, at least $128,101 in United States currency;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c),

incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the Defendant, up to the value of the property described above;

WHEREAS, on June 12, 2015, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to written plea agreements that she signed on May 12, 2015;

WHEREAS, in Section 9 of the written plea agreement, the Defendant agreed to forfeit to the United States $128,101 in United States currency, on the grounds that such amount constitutes, or is derived from, proceeds of the Defendant's offense, and therefore, the Defendant agreed to consent to the entry of an order of forfeiture for such property, including the entry of and order of forfeiture for a money judgment, in the amount of $128,101 in United States currency;

WHEREAS, based on the Defendant's guilty plea and admissions at the plea hearing, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $128,101 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the United States has filed a Motion for Order of Forfeiture (Money Judgment) that would consist of a personal money judgment against the Defendant, in the amount of $128,101 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $128,101 in United

States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
United States District Judge

Date: 10/5/15